# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL MCINERNEY, | |
| Plaintiff, | Case No. 2:16-cv-00698-MMD-GWF |
| vs. | **ORDER AND REPORT AND RECOMMENDATION** |
| EIGHTH JUDICIAL DISTRICT COURT, *et al.*, | Application to Proceed *in Forma Pauperis* (#1) and Screening of Complaint (#1-1) |
| Defendants. | |

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on March 30, 2016.

## BACKGROUND

Plaintiff brings this civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights by the Eighth Judicial District Court. Specifically, Plaintiff asserts that his 2006 conviction of attempted murder has been overturned but remains on the court's record and the court refuses to correct the error. This error has caused Plaintiff to be unable to obtain employment. In addition, Plaintiff alleges that Defendants Swift Transportation, LLC, Hire Right, LLC, and the Eighth Judicial District Court have violated the Fair Credit Reporting Act ("FCRA"). Swift declined to employ Plaintiff based on a background check performed by Hire Right that revealed Plaintiff's conviction of attempted murder as reported by the Eighth Judicial District Court. Plaintiff now seeks monetary damages and an order from this Court instructing the Eighth Judicial District Court to amend their records.

## DISCUSSION

**I.   Application to Proceed *In Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to his application and

complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint.  *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is

essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

**III.    Instant Complaint**

    **A.    § 1983 Claim Against the Eighth Judicial District Court**

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal statutes. *Graham v. Connor,* 490 U.S. 386, 393–94 (1989). In order to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins,* 487 U.S. 42, 48–49 (1988); *see also Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

States, and any governmental agency that is an arm of the state, are not a "person" for purposes of § 1983. *See, e.g., Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) (states); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) (state agencies); *Hale v. Arizona*, 993 F.2d 1387, 1399 (9th Cir. 1993) (en banc) (discussing both states and state agencies). Section 1983 lawsuits filed against states are legally frivolous because they are barred by the Eleventh Amendment. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) *superseded on other grounds*

*by statute as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). The Eighth Judicial District Court is an "arm of the state" and therefore is not subject to liability under § 1983. As a result, the Court will recommend that Defendant's claims against the Eighth Judicial District Court be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### B. Violations of the Fair Consumer Reporting Act

#### (i) Defendant Hire Right

Section 1681i of the Fair Credit Reporting Act provides that:

> Subject to subsection (f) of this section, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such a dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C.A. § 1681i(a)(1)(A).

In addition to the required reinvestigation, a consumer reporting agency ("CRA") has a duty to promptly notify the entity or individual who provided the information that such information has been disputed before the expiration of the 5-business-day period that begins on the date the CRA received notice of the dispute. 15 U.S.C.A. § 1681i(a)(2)(A). A CRA may terminate a reinvestigation if it reasonably determines that the dispute is frivolous or irrelevant. 15 U.S.C.A. § 1681i(a)(3)(A). However, if the reinvestigation reveals that the disputed information is in fact inaccurate or incomplete or cannot be verified, the CRA shall promptly delete that item of information from the file and promptly notify the furnisher of that information. 15 U.S.C.A. § 1681i(a)(5)(A)(i)-(ii). In addition, the Ninth Circuit has held "that a plaintiff filing suit under [§] 1681i must make a 'prima facie showing of inaccurate reporting.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010).

Plaintiff alleges that Defendant Hire Right received inaccurate information from the Eighth Judicial District Court regarding his previous conviction, provided that inaccurate information to

4

Defendant Swift, and then denied Plaintiff's dispute when he informed it of the inaccurate information. *Complaint* (ECF No. 1-1). Hire Right is considered a CRA under the Fair Consumer Reporting Act.[1] Therefore, Hire Right had a duty under the FRCA to reinvestigate Plaintiff's dispute regarding his 2006 conviction and inform the Eighth Judicial District Court of Plaintiff's dispute. Because the Court liberally construes a pro se Plaintiff's complaint, as alleged Hire Right could be found to have acted negligently for its failure to comply with § 1681i. *See Taylor v. First Advantage Background Servs. Corp*, 2016 WL 4762268, at *9 (N.D. Cal. Sept. 13, 2016) (finding that consumer reporting agency's failure to reinvestigate misdemeanors listed on consumer's background check after dispute from consumer was, at a minimum, negligent under Fair Credit Reporting Act); *see also* 15 U.S.C.A. §§ 1681n & o. Since the Court finds that Plaintiff has made a prima facie showing of inaccurate reporting, the Court will allow his FCRA claims against Hire Right to proceed.

### (ii) Defendant Eighth Judicial District Court

The FCRA expressly creates a private right of action for willful or negligent non-compliance with its requirements. 15 U.S.C.A. §§ 1681n & o. However, § 1681s–2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA. 15 U.S.C.A. § 1681s–2(c) ("Except [for circumstances not relevant here], sections 1681n and 1681o of this title do not apply to any violation of ... subsection (a) of this section, including any regulations issued thereunder."). Therefore, to prevail on a claim against a furnisher under § 1681 s–2(b), a consumer must prove that 1) the furnisher provided inaccurate information to the credit reporting agency ("CRA"); 2) the CRA notified the furnisher of a dispute; and 3) the furnisher failed to conduct a reasonable investigation into the accuracy of the disputed information, in light of the information provided to it by the CRA. *See Gorman v. Wolpoff &*

---

[1] The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C.A. § 1681a(f).

*Abramsom, LLP.*, 584 F.3d 1147, 1154 (9th Cir.2009). A consumer's direct notification to the furnisher of an inaccuracy in the credit report does not trigger the furnisher's liability in a private action under the FCRA for a failure to reasonably investigate the dispute. *Id.*

Plaintiff has not alleged that the Eighth Judicial District Court was informed by Hire Right— the CRA— of Plaintiff's dispute regarding the allegedly inaccurate reporting of his 2006 investigation and that the Eighth Judicial District Court thereafter failed to conduct a reasonable investigation into the accuracy of the dispute. Therefore, the Court will dismiss Plaintiff's claims against the Eighth Judicial District Court with leave to amend if he can do so.

### (iii) Defendant Swift Transportation, LLC

Plaintiff has named Defendant Swift Transportation, LLC as a Defendant in this matter. From what the Court can ascertain, Plaintiff appears to allege that Swift violated the FRCA. Swift, however, is neither a furnisher nor a consumer reporting agency as defined by the FRCA and therefore does not owe Plaintiff a duty thereunder; nor has Plaintiff argued otherwise. Moreover, Plaintiff has not alleged any other cause of action against Swift. Accordingly, the Court will recommend dismissal of Plaintiff's claims against Swift with leave to amend.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly, . . .

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (ECF No. 1-1) and Plaintiff's Fair Credit Reporting Act claim against only Defendant Hire Right, LLC may proceed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendant Hire Right, LLC named in the complaint and deliver the summons to the U.S. Marshal for service. The Clerk of the Court shall send the required USM-285 forms to Plaintiff. Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendant was served. If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety (90) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendant, or its attorney if it has retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or its counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

**IT IS FURTHER ORDERED** that Plaintiff's Fair Credit Reporting Act claims against Defendants the Eighth Judicial District Court and Swift Transportation, LLC contained in his Complaint are **dismissed** without prejudice with leave to amend. Plaintiff shall have until **April 14, 2017** to file an amended complaint correcting the noted deficiencies.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's § 1983 claim against Defendant, the Eighth Judicial District Court, be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 15th day of March, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge