# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL MCINERNEY,

        Plaintiff,

vs.

EIGHTH JUDICIAL DISTRICT COURT, *et al.*,

        Defendants.

Case No. 2:16-cv-00698-MMD-GWF

**ORDER**

        This matter is before the Court on Defendant's Motion to Stay (ECF No. 18), filed on July 6, 2017. To date, Plaintiff has not filed an opposition to this motion and the time for response has expired.

        This matter arises from allegations of violations of the Fair Credit Reporting Act. *See* ECF Nos. 5, 7. Plaintiff alleges that Defendant HireRight obtained inaccurate criminal conviction records from the Eighth Judicial District Court and reported such information to Defendant Swift Transportation Co. Defendant HireRight filed its Motion to Dismiss (ECF No. 11) on May 2, 2017. Defendant's Motion to Dismiss seeks dismissal of Plaintiff's complaint on the grounds that Plaintiff's Complaint fails as a matter of law under the Fair Credit Reporting Act because Defendant reported information as it was being reported by the state court and because it did not have notice of any inaccuracies. *See* ECF No. 11.

        The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. See *Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a

stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The moving party carries the heavy burden of making a strong showing of why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F .R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery. See *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581. The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.

After conducting its "preliminary peek" of Defendant's Motion to Dismiss, the Court finds that a stay of discovery is warranted. First, the pending motion to dismiss, if granted, may resolve the primary issues raised in Plaintiff's Complaint. Second, the Court finds that Defendants' Motion to Dismiss can be decided without additional discovery. Finally, the Court is convinced that a stay of discovery is warranted based upon the merits of Defendant's Motion to Dismiss.

In addition, Local Rule 7-2(d) provides that "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Plaintiff did not file points and authorities in response to Defendant's instant motion to stay. Therefore, Plaintiff is considered to have consented to the granting of Defendant's motion under LR 7-2(d). Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay (ECF No. 18) is **granted**.

. . .

. . .

. . .

. . .

**IT IS FURTHER ORDERED** that the stay of discovery will automatically lift upon the Court's denial of Defendant's Motion to Dismiss (ECF No. 11) in whole or in part. The parties shall have fourteen (14) days from the entry of an order denying Defendant's Motion to Dismiss to file a proposed discovery plan and scheduling order.

DATED this 2nd day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge