# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL MCINERNEY,          )
        Plaintiff,       )  Case No. 2:16-cv-00698-MMD-GWF
                         )
vs.                         )  **REPORT AND**
                         )  **RECOMMENDATION**
                         )
EIGHTH JUDICIAL DISTRICT COURT, *et al.*, )
        Defendants.      )
_____)

This matter is before the Court on the screening of Plaintiff's Amended Complaint (ECF No. 7), filed on March 27, 2017.

## BACKGROUND

On March 15, 2017, the Court entered an order granting Plaintiff's Application for Leave to Proceed *in forma pauperis* and a report and recommendation that Plaintiff's § 1983 claim against Defendant Eight Judicial District Court be dismissed for failure to state a claim upon which relief may be granted. *See* ECF No. 4. The Court, however, found that the Plaintiff sufficiently pled a Fair Credit Reporting Act ("FCRA") claim against Defendant Hire Right, LLC ("Hire Right"). *Id.* The Court instructed the Clerk of the Court to issue summons to Defendant Hire Right and to deliver the summons to the U.S. Marshal for service. *Id.* In addition, the Court dismissed Plaintiff's FCRA claim against Defendant Swift Transportation, LLC ("Swiftt") without prejudice and granted Plaintiff leave to file an amended complaint. *Id.* On May 3, 2017, the Court entered an order adopting the undersigned's order and report and recommendation. *See* ECF No. 14.

## DISCUSSION

On March 27, 2017, Plaintiff filed his amended complaint. ECF No. 7. Upon granting a

request to proceed *in forma pauperis* and granting leave to amend, a court must additionally screen a complaint pursuant to 28 U.S.C. §1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In its order and report and recommendation, the Court instructed Plaintiff that if he elects to file an amended complaint, it must be complete in itself without reference to any prior pleading pursuant to Local Rule 15-1 and that the Court cannot refer to a prior pleading. ECF No. 4. In his amended complaint, Plaintiff alleges claims against Defendant Swift only pursuant to 42 U.S.C. § 1983. He alleges that Defendant Swift denied Plaintiff employment based on its reliance on an inaccurate background check and, therefore, violated his constitutional rights found in the Due Process Clause of the 5th Amendment and the Equal Protection Clause of the 14th Amendment. *See* ECF No. 7.

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). In order to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988); *see also Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer

is clothed with the authority of state law." *West*, 487 U.S. at 49.

§ 1983 does not reach private conduct, regardless of how discriminatory or wrongful it may be. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999). Even involving cases where there is extensive state funding and regulation of a private activity, "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350 (1974); *see also Rendell-Baker,* 457 U.S. 830 at 842-43; *Morse v. North Coast Opportunities,* 118 F.3 1338, 1340-41 (9th Cir. 1997). Only where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity" will the Court allow a defendant to be subjected to a §1983 claim. *Id.* A "close nexus" exists only where the State has "exercised coercive power or has provided such significant encouragement." *Id.*, *see also Flag Bros. Inc. v. Brooks,* 436 U.S. 149, 156 (1978). The Ninth Circuit has established a two part test to establish whether or not an alleged infringement of federal rights is fairly attributable to the government: "1) the deprivation must result from a government policy, and 2) the party charged with the deprivation must be a person who may fairly be said to be a government actor." *Sutton v. Providence St. Joseph Med. Center*, 192 F.3d 826, 835 (9th Cir. 1999).

Plaintiff alleges that Defendant violated his 5th and 14th Amendment rights by failing to conduct a proper pre-employment screening and brings his complaint under the auspices of § 1983. Plaintiff fails to establish the basic elements needed to successfully posit a claim under § 1983. First, Plaintiff fails to state that Defendant's actions were the result of a government policy. Second, Defendant Swift appears to operate as a private transportation company, and not as a government actor. Furthermore, there is no connection between the State of Nevada and Defendant, other than the fact that Defendant is required to operate in accordance with state laws and regulations. Plaintiff has not pled sufficient facts to state a claim under § 1983.

The Court finds that Plaintiff cannot state a claim against Defendant Swift and recommends dismissal of his amended complaint (ECF No. 7). The Court previously found that Plaintiff made a prima facie showing of inaccurate reporting and allowed his FCRA claims against Hire Right to proceed. *See* ECF No. 4. Therefore, Plaintiff's FCRA claim against Defendant Hire Right as

enumerated in his complaint (ECF No. 5) may proceed and may continue to be litigated by the parties. Accordingly,

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's amended complaint (ECF No. 7) be dismissed due to Plaintiff's failure to state a claim against Defendant Swift.

## **NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 20th day of December, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge