UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL MCINERNEY,<br><br>Plaintiff,<br>v.<br><br>EIGHTH JUDICIAL DISTRICT COURT, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-00698-MMD-GWF<br><br>ORDER |

**I.    SUMMARY**

Defendant HireRight, LLC ("HireRight") moves for summary judgment ("Motion") on *pro se* Plaintiff Michael Mcinerney's negligence claim brought under 15 U.S.C. § 1681i *et seq.* of the Fair Credit Reporting Act ("FCRA"). (ECF Nos. 1-1, 5 at 3; ECF No. 40; ECF No. 4 at 4.)[1] Finding Plaintiff cannot establish he is entitled to relief for HireRight's purported negligence, the Court grants the Motion.

**II.    BACKGROUND**[2]

HireRight is the sole remaining defendant in this action. (ECF Nos. 4, 14, 38, 39 (dismissing the claims alleged against Defendant Eighth Judicial District Court under 42 U.S.C. § 1983 and against Defendant Swift Transportation, LLC ("Swift") under the FCRA). As to HireRight, Plaintiff alleges that HireRight violated the FCRA by incorrectly reporting

///

---

[1]The Court has reviewed the briefs relating to the Motion. (ECF Nos. 40, 42, 43.)

[2]The relevant facts recited herein are undisputed unless noted otherwise.

Plaintiff's criminal history information. (ECF Nos. 1-1, 5 at 3.) Specifically, Plaintiff disputes part of the criminal history information HireRight reported to his then potential employer, Swift, related to his Nevada state criminal case—case number 03c191045. (*Id.*; ECF No. 40-5 at 6.) Based on court records from the Eighth Judicial District Court, HireRight reported to Swift that Plaintiff had been convicted of two felony counts: (1) count 1: robbery, victim 65 years of age or older; and (2) count 2: attempted murder with use of a deadly weapon. (ECF No. 40-2 (Linda Rose Decl.) at 3; ECF No. 40-5 at 6; ECF No. 40-8 at 2; ECF No. 40-10 at 4–5.) However, this information failed to reflect that the attempted murder conviction had been overturned (or dismissed) in habeas proceedings in 2006. (ECF Nos. 1-1, 5 at 3; ECF No-9 at 4; ECF No. 40-2 (Linda Rose Decl.) at 3–4.)

Plaintiff first contacted HireRight on March 2, 2016, to challenge only the inclusion of the attempted murder conviction on HireRight's report to Swift.[3] (ECF Nos. 1-1, 5 at 3; ECF No. 40-2 (Linda Rose Decl.) at 3–4.) Swift had sent Plaintiff a letter in late February 2016, indicating that Swift had decided not to hire Plaintiff based in whole or in part on the criminal history information HireRight reported. (ECF No. 5 at 25.)

HireRight emailed Swift the day after Plaintiff contacted HireRight to notify Swift of Plaintiff's dispute. (ECF No. 40-2 (Linda Rose Decl.) at 4; ECF No. 40-6 at 2.) HireRight also contacted the private company with which it had contracted to research criminal history information, Accusearch, to ask that Accusearch confirm its research results and obtain original source information. (ECF No. 40-2 (Linda Rose Decl.) at 3–4.) HireRight received the original criminal files on March 7, 2016, which showed convictions on both counts one and two. (*Id.* at 4; ECF No. 40-7 at 2–7.) HireRight contacted Plaintiff the following day, and on March 10, 2016. (ECF No. 40-2 (Linda Rose Decl.) at 4.) On the latter date, Plaintiff told a HireRight investigation specialist that he would send documentation to HireRight the same day to support his dispute. (*Id.*) Plaintiff did not send the promised document(s), so HireRight sent Plaintiff a letter on March 15, 2016. (*Id.*; ECF

///

---

[3] *See also* ECF No. 40-9 at 2 (Plaintiff noting in letter to Hire Right, dated "3-17-2016," that the report "document needed to show that only the robbery conviction stands").

No. 40-8 at 2–3.) The letter noted that HireRight had completed an investigation and concluded that the information had been reported correctly based on information from the state court. (ECF No. 40-8 at 2.)

Attached to his faxed letter dated "3-17-2016," Plaintiff provided HireRight a copy of a Judgment of Conviction, wherein it was ordered that due to jury instruction error the attempted murder charge, count two, had to be reversed, but the robbery conviction, count one, needed not be. (ECF No. 40-2 (Linda Rose Decl.) at 4–5; ECF No. 40-9 at 2–4.) HireRight contacted Accusearch on March 24, 2016, to have them validate the Judgment of Conviction information Plaintiff sent, and Accusearch confirmed its accuracy. (ECF No. 40-10 at 2–3.) HireRight contacted Swift the following day, updating Swift of the correct information (ECF No. 11), and provided a corrected report showing only the robbery conviction (ECF No. 12). HireRight also issued a letter to Plaintiff, indicating that its investigation had been completed and that it had updated the report to reflect the correct information. (ECF No. 40-13.)

Plaintiff filed the instant action a few days later. (ECF Nos. 1-1, 5.)

### III. LEGAL STANDARD

In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). "The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute

///

///

1 is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

The Court will grant HireRight's Motion because Plaintiff cannot establish the elements of his asserted FCRA claim against HireRight as a matter of law.

To be clear, at no point has Plaintiff disputed that his FCRA violation claim is a negligence claim particularly brought under 15 U.S.C. § 1681i, albeit his complaint generally alleges a violation of 15 U.S.C. § 1681 *et seq.*[4] (*See* ECF Nos. 1-1, 5 at 3;

///

---

[4]In his response Plaintiff contends that there is a dispute of material fact before the Court barring summary judgment, appearing to argue for recovery under 15 U.S.C. § 1681e(b) by highlighting that Accusearch admitted to missing the reversed conviction. (ECF No. 42 at 3; ECF No. 40-10 at 2.) Plaintiff's apparent § 1681e(b) position would require the Court to find HireRight liable for the mere fact that the information Accusearch reported to HireRight was inaccurate in the first instance. Such a position is not viable. *See, e.g., Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (internal quotations and citations omitted ("In order to state a claim under [§ 1681e(b)], a consumer must sufficiently allege that a credit reporting agency prepared a report containing 'inaccurate' information. However, the credit reporting agency is not automatically liable even if the consumer proves that it prepared an inaccurate credit report because the FCRA does not make reporting agencies strictly liable for all inaccuracies. A credit reporting agency is not liable under the FCRA if it followed "reasonable procedures to assure

4

1 (Plaintiff's response to the Motion, not expressly challenging HireRight's position that Plaintiff's claim is brought under § 1681i and is solely a claim of negligence); ECF No. 4 at 4–5 (report and recommendation considering Plaintiff's FCRA claim against HireRight as a negligence claim arising under § 1681i); ECF No. 14 (accepting that report and recommendation in its entirety).

The FCRA creates a private right of action for negligent compliance with its requirements. *See* 15 U.S.C. § 1681o. Pertinently here, § 1681i(a)(1)(A) provides:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency [CRA] is disputed by the consumer and the consumer notifies the agency . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the dispute information, or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer . . .

"In conducting any reinvestigation . . . with respect to disputed information in the file of any consumer, the [CRA] shall review and consider all relevant information submitted by the consumer . . . with respect to such disputed information." § 1681i(a)(4). The CRA is also required to "provide notification of the dispute to any person who provided any item of information in dispute . . . [and] [t]he notice shall include all relevant information regarding the dispute that the agency has received from the consumer . . .." § 1681i(a)(2)(A).

///

///

---

maximum possible accuracy," but nonetheless reported inaccurate information in the consumer's credit report."); *Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1080–81 (D. Or. 2007) (following *Henson* and granting summary judgment on a § 1681e(b) claim where the CRA reported purportedly inaccurate information as it was received from a reputable source).

Plaintiff does not contest HireRight's position that Accusearch's historical reporting performance had been over "99.9%" accurate at the time of the reporting of Plaintiff's information. (ECF No. 40 at 3; ECF No. 40-3.) Nor does Plaintiff dispute that information was obtained as reported by the state court, or challenge HireRight's contention that despite the Judgment of Conviction the state court has continued to report the attempted murder count as a conviction and not a dismissal. (ECF No. 40 n.1.) Plaintiff provides no evidence from which a reasonable jury could infer that HireRight's accuracy assuring procedures were unreasonable.

Essentially, to prevail on his claim under § 1681i, Plaintiff needs to prove: "'(1) [he] notified [the CRAs] directly of a disputed item in his credit file; (2) [the CRAs] *failed to reinvestigate free of charge and either record the current status of the disputed information* or delete the item from the file as required by § 1681i(a)(5) *within the 30-day period*; (3) [the CRA's] failure to comply with the statute was negligent; (4) [the CRA's] failure caused [Plaintiff's] injury[;]'" and (5) that Plaintiff suffered actual damages from the violation.[5] *Peterson v. Am. Express*, No. CV-14-02056-PHX-GMS, 2016 WL 1158881, at * 4 (D. Ariz. March 23, 2016) (quotations and citations omitted) (emphasis added).

While Plaintiff correctly disputed the inclusion of the attempted murder conviction on the criminal history report HireRight provided to Swift, Plaintiff cannot establish other elements necessary to prove his FCRA claim. The Court need not consider all the elements of Plaintiff's claim so long as it is evident that Plaintiff cannot establish one. *See, e.g.*, *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (1998) (citation omitted) ("Where an essential element of a claim for relief is absent, the facts, disputed or otherwise, as to other elements are rendered immaterial and summary judgment is proper."). Here, HireRight has shown that it reinvestigated, free of charge, the information regarding Plaintiff's criminal history that Accusearch reported. Further, HireRight recognized the information as disputed by providing Swift with notice of Plaintiff's dispute, undertook corrective measures to notify Accusearch and had Accusearch verify the accuracy of the information. And, upon verifying that the initially provided information was inaccurate, HireRight notified Swift and provided Swift with a corrected report. Moreover, Plaintiff fails to challenge HireRight's proof that it completed its full reinvestigation within the allotted 30-day reinvestigation period under § 1681i.

///

///

---

[5]A plaintiff may also need to "establish other related threshold issues and likely assumptions like whether [their] credit file [actually] contain[ed] inaccurate or incomplete information." *Peterson*, No. CV-14-02056-PHX-GMS, at * 4. Here, there is no dispute that HireRight's report inaccurately, or incompletely reported Plaintiff's criminal history information.

6

Because Plaintiff cannot establish at least one element of his FCRA negligence claim asserted under § 1681i, the Court grants summary judgment in HireRight's favor.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that HireRight's motion for summary judgment (ECF No. 40) is granted. The Clerk is instructed to enter judgment accordingly and close this case.

DATED THIS 3rd day of December 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE